IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERNON J. LEFTRIDGE,
   *Plaintiff*,

v.                                                 Civil Action No. ELH-11-3499

MICHAEL KELLY MATTHEWS, *et al.*,
   *Defendants*.

## MEMORANDUM

The Court is in receipt of the "Motion for Reconsideration or In the Alternative Notice of Appeal" ("Motion") (ECF 88) filed on October 10, 2013, by Vernon Leftridge, the self-represented plaintiff. In the Motion, plaintiff asks the Court to reconsider its Memorandum Opinion and Order (ECF 86 & 87), entered on October 1, 2013, which directed entry of final judgment in favor of defendants.

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, ___ U.S. ___, 132 S. Ct. 115 (2011). However, there are two rules that, in substance, govern any such motion. *See id.* First, Fed. R. Civ. P. 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Second, Fed. R. Civ. P. 60(b) permits a party to file a motion to "relieve [the] party . . . from a final judgment" on a variety of grounds. A motion under Rule 60(b) must be filed "within a reasonable time" and, if based on certain grounds, "no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1). Typically, so long as a post-judgment motion

styled as a "motion for reconsideration" is filed within the 28-day window under Rule 59(e), it is treated as a Rule 59(e) motion. *See Katyle*, 637 F.3d at 470 n.4.

Although the Federal Rules do not specify a standard for granting a Rule 59(e) motion, the Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment [under Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d, 396 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999); *see Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). Here, plaintiff has not identified any intervening change in controlling law or newly discovered evidence. Rather, he appears to argue that the Court's ruling was clearly erroneous or manifestly unjust.

The purpose of Rule 59(e) is to "permit a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pacific Ins.*, 148 F.3d at 403 (citation omitted). However, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (citation omitted). Accordingly, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* Put another way, relief may not be granted under Rule 59(e) for reasons that a party could have advanced, but chose not to pursue. *See id.*; *Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). Moreover, "'[m]ere disagreement does not support a Rule

59(e) motion.'" *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citation omitted), *cert. denied*, 538 U.S. 1012 (2003).  With respect to the "clear error or manifest injustice" standard, a "factually supported and legally justified" decision does not constitute clear error.  *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993).

Upon review of plaintiff's Motion, it contains nothing that persuades the Court that its entry of final judgment in favor of defendants was clearly erroneous or manifestly unjust. Rather, the Motion simply rehashes arguments that are largely irrelevant to the material issues, fanciful in the extreme, and that were presented at length in prior filings and rejected by the Court as lacking in merit.  Accordingly, to the extent that the Motion is construed as a Rule 59(e) motion, it will be denied.

Plaintiff has styled the Motion in the alternative as a notice of appeal.  Under Rule 4(a)(4)(A)(iv) of the Federal Rules of Appellate Procedure, the timely filing of a Rule 59(e) motion stops the time to file a notice of appeal.  The time to file a notice of appeal (which, ordinarily and in this case, is thirty days after entry of judgment, *see* F.R.A.P. 4(a)(1)) runs from entry of the order disposing of the Rule 59(e) motion.  *See* F.R.A.P. 4(a)(4)(A).  However, F.R.A.P. 4(a)(4)(B) provides (emphasis added):

> (i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—*the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered*.
>
> (ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c) [of the Federal Rules of Appellate Procedure]—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.
>
> (iii) No additional fee is required to file an amended notice.

Accordingly, pursuant to F.R.A.P. 4(a)(4)(B), and in light of plaintiff's self-represented status, the Clerk will be directed to construe the Motion as a notice of appeal of the Court's original judgment and to take all appropriate actions necessary to transmit plaintiff's appeal to the United States Court of Appeals for the Fourth Circuit.[1]

An Order implementing these rulings follows.

Date: October 10, 2013                             /s/
                                       Ellen Lipton Hollander
                                       United States District Judge

---

[1] Because plaintiff was granted leave to proceed in forma pauperis in the district court, *see* ECF 4, he "may proceed on appeal in forma pauperis without further authorization" unless a statute provides otherwise or the district court certifies that the appeal is not taken in good faith or that there is another reason to deny in forma pauperis status. F.R.A.P. 24(a)(3). I discern no basis to enter such a certification. Accordingly, plaintiff is not required to pay the appellate docket fee otherwise required by F.R.A.P. 3(e).

If plaintiff wishes to challenge <u>this</u> ruling (*i.e.*, the ruling on his Motion for reconsideration, as opposed to the Court's grant of final judgment in favor of defendants, docketed October 1, 2013), he must file an additional or amended notice of appeal within thirty days after this Memorandum and its accompanying Order are entered on the docket. *See* F.R.A.P. 4(a)(4)(B)(ii).